2018 PA Super 339

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                    :         PENNSYLVANIA
                                                    :

             v.                              :
                                                    :
                                                    :

GABINO BERNAL                      :
                                                    :

                 Appellant             :     No. 1034 WDA 2017

Appeal from the Judgment of Sentence June 8, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002976-2013

BEFORE: BENDER, P.J.E., LAZARUS, J., and MUSMANNO, J.

OPINION BY LAZARUS, J.:                FILED DECEMBER 11, 2018

Gabino Bernal appeals from his judgment of sentence, entered in the Court of Common Pleas of Allegheny County, after a jury convicted him of one count each of unlawful contact with a minor, indecent assault of a person less than 13, and corruption of minors. Bernal is before this Court for the third time after we twice remanded his case for resentencing. Bernal challenges the discretionary aspects of his sentence, as well as the trial court's denial of his motion to recuse. Upon careful review, we vacate the judgment of sentence and remand for further proceedings.

The trial judge, the Honorable Donna Jo McDaniel, summarized the facts of this case as follows:

> [T]he evidence presented established that in the fall of 2003, [Bernal] lived with his girlfriend [E.C.], her eight (8)[-]year[-]old daughter, [("the Victim")] and her 11[-]year[-]old son, [J.], who has cerebral palsy and is confined to a wheelchair. It was customary for [Bernal] to pick up [the Victim] from school and

walk her home when her mother was not able to do so. Sometime that [F]all, [the Victim] got in trouble at school, and her teacher told [Bernal] when he arrived to pick her up. [Bernal] became angry and pulled [the Victim's] hair during the walk home. Upon arriving at their house, [Bernal] took [the Victim] to the bedroom he shared with her mother, forcibly undressed her and raped her. [The Victim] testified that the rapes occurred numerous times over the course of the next several months. [Bernal] threatened to hurt [the Victim's brother], with whom [the Victim] was very close, if she told anyone.

Trial Court Opinion, 4/3/14, at 1-2.

Bernal was charged with rape of a child, as well as the above-named crimes. A jury acquitted him of rape of a child and convicted him of the remaining charges. On November 19, 2013, Judge McDaniel sentenced Bernal to nine to 18 years' imprisonment on the charge of unlawful contact with a minor, with no further penalty on the remaining convictions. Bernal appealed, raising evidentiary claims as well as a challenge to the legality of his sentence. This Court affirmed his conviction, but vacated his judgment of sentence and remanded for resentencing, concluding that the trial court misgraded Bernal's conviction of unlawful contact with a minor as a felony of the first degree, rather than third degree and, resultantly, sentenced him beyond the lawful maximum. See Commonwealth v. Bernal, 1922 WDA 2013 (Pa. Super. filed 12/8/14) (unpublished memorandum decision) ("Bernal I").

On remand, the trial court held a resentencing hearing and imposed a statutory-maximum aggregate sentence of 6 to 17 years' incarceration.[1]

_____

[1] The trial court imposed a sentence of 2 to 7 years' imprisonment for unlawful contact with a minor; two to five years' imprisonment for indecent assault of

- 2 -

Bernal again appealed, this time asserting that his sentence was manifestly excessive where the trial court failed to consider his rehabilitative needs, did not consider the applicable sentencing guidelines, and imposed a sentence that was not individually tailored to him.  Bernal also raised a claim of bias against the trial court, citing several pending appeals in which Judge McDaniel imposed consecutive, statutory maximum sentences on sex offenders.  Once again, we vacated Bernal's judgment of sentence.  See Commonwealth v. Bernal, 138 WDA 2016 (Pa. Super. filed 12/19/16) ("Bernal II") (unpublished memorandum decision).  In particular, we noted that our review of the record indicated that Judge McDaniel had been "determined to impose the maximum sentences permitted by statute, regardless of the guidelines."

Id. at 10.  In addition, we expressed

> our concern regarding the sentencing judge's failure to acknowledge the guidelines, and the imposed sentences' deviation from the guidelines.  We further are concerned that before imposing consecutive, statutory maximum sentences, the sentencing judge failed to request an updated PSI report, and failed to acknowledge or consider the rehabilitative needs of Bernal, as well as mitigating evidence.

Id. at 16-17.  We concluded that "Bernal's apparent claim of bias by the sentencing judge, based upon his lack of individualized sentencing, indicates

_____

a person less than 13 years of age; and two to five years' imprisonment for corruption of minors, all to be served consecutively.

that on remand, a motion for recusal may be appropriate so that a complete record may be developed." Id. at 17 (footnote omitted).[2]

Upon remand, Bernal filed a motion for recusal, citing the concerns noted by this Court in Bernal II with respect to Judge McDaniels' sentencing practices as they relate to sexual offenders. The court denied Bernal's motion without a hearing by order dated March 8, 2017. A resentencing hearing was held on June 8, 2017, at which time the court reimposed the same statutory-maximum sentence.

On June 15, 2017, Bernal filed a motion to modify sentence, which the trial court denied, without a hearing, on June 23, 2017. Bernal filed a timely notice of appeal to this court, followed by a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Bernal raises the following issues for our review:

> 1. Did the trial court err in denying the motion to recuse after the Superior Court noted that it had concerns regarding the sentencing proceeding in the earlier appeal at [Bernal II]? Because of these concerns, was there a real possibility of an appearance of bias or prejudice in the June 8 hearing, which

_____

[2] The panel acknowledged our Supreme Court's admonition against this Court, sua sponte, ordering a judge to recuse herself. See Commonwealth v. Whitmore, 912 A.2d 827 (Pa. 2006). However, we concluded that:

> [w]e nonetheless would be remiss if we did not express our concern for a sex offender's ability to receive individualized sentencing before a sentencing judge, who consistently imposes consecutive and/or statutory maximum sentences upon a particular class of offenders.

Bernal II, supra at 17 n.9.

concerns were justified after the actions taken at the hearing? Based upon the remarks made during the sentencing hearing, would not a reasonable person question the court's impartiality under the circumstances as there was at least an appearance of personal bias or prejudice against [Bernal] and his attorney?

2. Did the [trial] court abuse its discretion in imposing a manifestly excessive sentence which did not comport with the dictates of the [S]entencing [C]ode[?] More specifically, is the sentence imposed erroneous because it is the maximum permissible under the law, on all three counts, running consecutively, for a total of 6 to 17 years of imprisonment, despite this being far above the aggravated range in the sentencing guidelines and [Bernal] having a prior record score of zero? Further, the sentencing court sentenced [Bernal] outside of the guidelines and the sentence is unreasonable, as the court focused upon the seriousness of the offense, damage done to the victim, and [Bernal's] failure to express remorse. Is not a sole focus upon retribution improper in sentencing? And finally, was the procedure followed at the resentencing hearing wholly improper in that the court came to the bench with a previously prepared sentencing memorandum, [Bernal] was sentenced before counsel had any opportunity to present argument on his behalf, and [Bernal] was not given an opportunity to allocute until after the sentencing court read its prepared remarks and imposed sentence?

Brief of Appellant, at 7.

Bernal first asserts that the trial court abused its discretion in denying his motion for recusal. He argues that the conduct of the trial judge in this matter was such that it created "[a]t the very least . . . an appearance of bias or prejudice[.]" Brief of Appellant, at 13. Upon careful review, we are constrained to agree.

Our Supreme Court has stated that it presumes that judges of this Commonwealth are "honorable, fair and competent," and vests in each jurist the duty to determine, in the first instance, whether he or she can preside impartially. Commonwealth v. White, 734 A.2d 374, 384 (Pa. 1999). In

the context of criminal sentencing, this standard requires that a judge recuse herself not only when she doubts her own ability to preside impartially, but whenever she believes her impartiality can be reasonably questioned. Commonwealth v. Lemanski, 529 A.2d 1085, 1088–89 (Pa. Super. 1987). Consequently, "a party arguing for recusal need not prove that the judge's rulings actually prejudiced him; it is enough to prove that the reasonable observer might question the judge's impartiality." Reilly by Reilly v. Southeastern Pennsylvania Transp. Auth., 479 A.2d 973, 991–93 (Pa. Super. 1984). "[A] party's call for recusal need not be based only upon discreet incidents, but may also assert the cumulative effect of a judge's remarks and conduct even though no single act creates an appearance of bias or impropriety." Commonwealth v. Rhodes, 990 A.2d 732, 748-49 (Pa. Super. 2009).

> The sentencing decision is of paramount importance in our criminal justice system, and must be adjudicated by a fair and unbiased judge. Commonwealth v. Knighton, [] 415 A.2d 9 ([Pa.] 1980). This means[] a jurist who "assesses the case in an impartial manner, free of personal bias or interest in the outcome." Commonwealth v. Abu-Jamal, [] 720 A.2d 79, 89 ([Pa.] 1998). Because of the tremendous discretion a judge has when sentencing, "a defendant is entitled to sentencing by a judge whose impartiality cannot reasonably be questioned." Commonwealth v. Darush, [] 459 A.2d 727, 732 ([Pa.] 1983). "A tribunal is either fair or unfair. There is no need to find actual prejudice, but rather, the appearance of prejudice is sufficient to warrant the grant of new proceedings." In Interest of McFall, [] 617 A.2d 707, 714 ([Pa.] 1992).

Rhodes, 990 A.2d at 748, quoting Commonwealth v. Druce, 848 A.2d 104, 108 (Pa. 2004) (some quotation marks and brackets omitted).

In order to properly address Bernal's challenge to the trial court's denial of his recusal motion, we find it necessary and helpful to begin by summarizing the relevant facts and circumstances surrounding Bernal's sentence. At the time of sentencing, Bernal had a prior record score of zero. He was convicted of unlawful contact with a minor, carrying an offense gravity score ("OGS") of 6. As such, the standard-range sentence for that offense was 3 to 12 months, +/- 6 months. The trial court sentenced Bernal to a term of 2 to 7 years' imprisonment for this charge, a sentence falling well outside the aggravated range of the guidelines. Bernal was also convicted of indecent assault of a person under 13, which has an OGS of 5. Accordingly, the standard-range sentence for that offense is RS to 9 months, +/- 3 months. Bernal was sentenced to 2 to 5 years' incarceration, which also greatly exceeds the aggravated range. Finally, Bernal was convicted of corruption of minors, carrying an OGS of 4. Thus, a standard-range sentence would have been RS to 3 months, +/- 3 months. Bernal received a sentence of 2 to 5 years, again well outside the aggravated range of the guidelines.

In remanding Bernal's case for resentencing in Bernal II, we did not reach the question of whether Bernal's sentence was actually excessive. Rather, we concluded that the trial court had had deviated from the norms of sentencing by failing to: (1) acknowledge or mention the guidelines; (2) provide a contemporaneous statement of reasons in support of its sentence pursuant to 42 Pa.C.S.A. § 9721(b); (3) weigh all relevant information regarding Bernal's character, along with mitigating statutory factors; and (4)

- 7 -

impose an individualized sentence.  See Bernal II, supra at 8-17.  In light of these omissions, we suggested that a motion for recusal may be an appropriate course for Bernal upon remand, "so that a record may be developed regarding his claim of bias and lack of individualized sentencing." Id. at 17.  As noted above, Bernal filed such a motion and it was summarily denied, thus depriving this Court of the opportunity to review a fully-developed record.

Having declined to recuse itself, the court proceeded to resentencing on June 8, 2017.  At that hearing, Bernal presented the testimony of his wife, his cousin-in-law, and a family friend.  The Commonwealth presented the testimony of the victim's stepmother.  Following that testimony, and without providing an opportunity for Bernal to allocute or for defense counsel to present argument on Bernal's behalf, Judge McDaniel turned to a prepared written statement.  The statement began with a detailed defense of Judge McDaniel's own sentencing practices concerning sexual offenders, noting that she had "conducted a complete statistical analysis of [her] sentences from 2012 to the present," and concluded that her statistics with regard to sex offense cases "are comparable to the sentencing statistics of other judges in this division."[3]   N.T. Resentencing, 6/8/17, at 19.  The court then briefly

_____

[3] Judge McDaniel did not indicate that she had also undertaken a complete statistical analysis of the sentences imposed by the "other judges in this division."  Accordingly, it is unclear how she was able to reach the conclusion that her sentencing statistics were "comparable" to theirs.

addressed the statutory factors and, thereafter, proceeded to reimpose the sentence vacated by this Court in Bernal II.

Subsequently, in her Rule 1925(a) opinion, Judge McDaniel took direct aim at defense counsel,[4] criticizing her for her zealous advocacy on behalf of her client in pursuing what have now become three meritorious appeals to this Court:

> It is apparent, from a review of the [c]oncise [s]tatement and her demeanor at the resentencing hearing, that defense counsel is completely unwilling to accept any decision made by this [c]ourt, whether a legal sentence or a discretionary ruling on a recusal motion. Much as she accuses this [c]ourt of pre-judging [Bernal], counsel herself is pre-judging this [c]ourt. This [c]ourt is certain that no matter what sentence had been imposed, counsel would have claimed error and accused this [c]ourt of bias and prejudice.
>
> Neither [sic] have [Bernal] or counsel presented any actual evidence that this [c]ourt is biased or prejudiced. Counsel's feeling that this [c]ourt imposes harsher sentences in sex cases, made after a review of her caseload and discussions with colleagues, is not evidence of anything except counsel's inadequate research. As this [c]ourt stated at sentencing, it conducted a complete statistical analysis of its sentences from 2012 to when the recusal motion was filed . . . and found that . . . [90%] were within or below the sentencing guideline ranges. With particular regard to sex offense cases, . . . [77%] of this [c]ourt's sex offense sentences were within or below the sentencing guideline ranges. These statistics are comparable to the sentencing statistics of other judges in this division and certainly not reflective of the "blanket policy" counsel now claims.
>
> This [c]ourt also finds defense counsel's [c]oncise [s]tatement criticism of this [c]ourt's citation to the above statistics as both laughably ironic and more than slightly hypocritical. Counsel apparently has no problem representing to the Superior Court in her appellate brief that this [c]ourt is biased and prejudiced based on a review of her own caseload and her conversations with

_____

[4] Bernal is represented by the Allegheny County Public Defender's Office.

colleagues, yet has the temerity to challenge this [c]ourt's methodology when it cites statistics to disprove her claims.

Trial Court Opinion, 12/6/17, at 9-10.

Our review of the full record in this matter leads us to the conclusion that Judge McDaniel's recusal from this matter is warranted, as a reasonable observer might question her impartiality and, consequently, her ability to impose an individualized sentence upon Bernal. See Reilly, supra. We note with particular concern the fact that Judge McDaniel went into Bernal's resentencing hearing with a prepared written statement. Doing so had the unavoidable effect of signaling that she had made up her mind prior to the hearing and without the benefit of witness testimony, allocution by Bernal, or argument from counsel. A reasonable observer could conclude that this statement was prepared not with the purpose of aiding in the imposition of a fair and appropriate sentence upon Bernal, but rather in an effort to defend the court's own sentencing record and to create the appearance of compliance with the fundamental norms of sentencing, as well as the directives of this Court in Bernal II. That the court commenced reading its prepared statement, and indeed imposed sentence, without first providing an opportunity for either Bernal or his counsel to speak as required under the Rules of Criminal Procedure, raises further questions regarding potential bias and lack of impartiality.[5] See Pa.R.Crim.P. 708(D)(1) ("At the time of

_____

[5] In her Rule 1925(b) opinion, Judge McDaniel devotes two pages to attempting to justify her failure to allow Bernal an opportunity to allocute prior

sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing.") (emphasis added). The fact that the court subsequently, after defense counsel objected, provided Bernal and his counsel an opportunity to address the court does little to alter the appearance of bias created by her prior haste to impose sentence.

We by no means seek to diminish the significance of Bernal's offenses or their impact upon his victim, to whom he stood in a position of trust. Nevertheless, like all criminal defendants, Bernal is entitled to the due process protections afforded by the constitution, including the right to a fair and impartial tribunal. A defendant's due process rights are violated when circumstances "g[i]ve rise to an unacceptable risk of actual bias." Williams v. Pennsylvania, 136 S. Ct. 1899, 1908 (2016). Here, when viewed through the prism of the court's conduct over the pendency of this matter, the repeated imposition of above-guidelines, statutory-maximum, consecutive sentences upon Bernal, a first-time offender with a prior record score of zero, casts ample doubt on Judge McDaniel's ability to remain impartial and to impose upon Bernal an individualized sentence tailored to him and the facts of his case.

_____

to the imposition of sentence, blaming defense counsel for indicating she had "no additional witnesses." We find the court's explanation to be disingenuous, self-serving, and unpersuasive.

Indeed, this is not the first time Judge McDaniel's impartiality has been called into question under similar circumstances. Recently, this Court had occasion to review another sentence imposed upon a sex offender—also represented by the Public Defender's Office—by this same jurist. The facts of that case, Commonwealth v. McCauley, 613 WDA 2017, ___ A.3d ___ (Pa. Super. 2018), are strikingly similar to those in the instant matter. There, the defendant was convicted of nine sexual offenses against a child victim and Judge McDaniel imposed an aggregate term of 20 to 40 years' incarceration. On direct appeal, we affirmed the conviction, but vacated the judgment of sentence because the record was unclear as to whether the trial court had imposed a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9718. If such a sentence had, in fact, been imposed, vacatur was required under Alleyne v. United States, 570 U.S. 99 (2013). Thus, we remanded for further proceedings, instructing the court to resentence if section 9718 had been applied or, if not, to reimpose the original sentence. On remand, the court clarified that it had not applied section 9718. Nevertheless, the court did not, as specifically directed, reimpose the original sentence. Rather, the court imposed the original sentence, less two days. McCauley filed post-sentence motions, as well as a motion for recusal, challenging Judge McDaniel's impartiality in sentencing sex offenders. As in this case, the court denied both motions without a hearing.

On appeal, McCauley challenged the trial court's denial of his recusal motion, asserting that the totality of the circumstances demonstrated an

appearance of prejudice on the part of Judge McDaniel against sex offenders, and arguing that her impartiality could reasonably be called into question. In support of his claim, McCauley cited to two unpublished memorandum decisions of this Court, Commonwealth v. A.S., 1366 WDA 2015 (Pa. Super. filed Jan. 9, 2017), and Bernal II, both of which included language critical of Judge McDaniel's sentencing practices. McCauley also asserted that Judge McDaniel's Rule 1925(a) opinion demonstrated "personal animus" toward defense counsel.

After reviewing the record, this Court agreed that there was substantial evidence that Judge McDaniel demonstrated bias and personal animus against McCauley's counsel and the Public Defender's Office "to such an extent that it 'raises a substantial doubt as to the jurist's ability to preside impartially.'" McCauley, supra at 6. The Court also expressed concern regarding: (1) the abbreviated nature of McCauley's sentencing hearing; (2) the court's failure to order an updated PSI or provide a reason for dispensing with a PSI; (3) the court's failure to provide McCauley an opportunity to allocute or allow counsel to present argument; (4) the court's failure to place reasons for the sentence on the record; and (5) the court's failure to recognize or cite the guidelines or consider McCauley's rehabilitative needs or mitigating evidence. We concluded that,

> [b]ecause [Judge McDaniel] continually refuses to follow mandates from [the] Superior Court that require a sentencing hearing that meets statutory and constitutional requirements, [the] Superior Court has had to remand several cases multiple times. This has resulted in an extensive deployment of judicial

resources to review, analyze, and rectify the court's deficient sentencing hearings. We must now provide a substantial remedy.

Id. at 12.

Similarly, in the matter sub judice, Judge McDaniel chastised defense counsel, both on the record at resentencing and in her Rule 1925(a) opinion, for simply doing her job and vigorously representing her client. See N.T. Resentencing, 6/8/17, at 18-21; Trial Court Opinion, 12/6/17, at 9-11.[6] Such criticism by a jurist is untenable in our adversarial system of justice, in which defense counsel has an obligation to represent her client zealously within the bounds of the law.

In light of the court's conduct during the pendency of the instant matter, and in view of what, in fact, appears to be a pattern of conduct involving both the sentencing of sexual offenders and animus directed towards defense counsel and the Public Defender's Office, we are compelled to conclude, as the Court did in McCauley, that a "substantial remedy" is necessary to ensure that Bernal is sentenced in accordance with both the constitution and the sentencing practices required under Pennsylvania law. Accordingly, we find that Judge McDaniel abused her discretion in denying Bernal's motion for recusal. Thus, we vacate Bernal's judgment of sentence and remand to the

_____

[6] Judge McDaniel also accused defense counsel of making "efforts to involve the local media" to "air . . . grievances" with the court. See Trial Court Opinion, 12/6/17, at 10-11. Counsel denies having informed the media or spoken on the record about Bernal's case. See Brief of Appellant, at 23 n.4.

President Judge of the Court of Common Pleas of Allegheny County for the reassignment of this case to a new judge for purposes of resentencing in accordance with the dictates of our memorandum in Bernal II.[7]

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2018

_____

[7] Because we determine that Judge McDaniel should have recused herself prior to imposing sentence and vacate the judgment of sentence for that reason, we need not address the merits of Bernal's claim regarding the discretionary aspects of his sentence, as they are moot.