J-A23023-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA,

Appellee

v.

LAWRENCE CRAIG,

Appellant

IN THE SUPERIOR COURT
OF
PENNSYLVANIA

No. 1339 WDA 2018

Appeal from the Judgment of Sentence Entered July 31, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0006371-2017

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:            FILED DECEMBER 6, 2019

Appellant, Lawrence Craig, appeals from the judgment of sentence of an aggregate term of 2-4 years' incarceration and 5 years' consecutive probation, imposed following his conviction by a jury for unlawful contact with a minor and indecent assault.  Appellant challenges the trial court's denial of his motion seeking the recusal of the trial court judge, as well as the legality of his sentence.  After careful review, we vacate Appellant's sentence and remand for resentencing.

The specific facts underlying Appellant's conviction are not germane to this appeal, beyond the fact that the charges in this matter involved Appellant's molestation of a 4-5 year old child.[1]  On July 24, 2017, the

_____

[1] At the time of her testimony in this matter, the child victim was 14 years old.  N.T., 3/14/18, at 39.

Commonwealth filed a criminal information charging Appellant with the following offenses: unlawful contact with a minor, 18 Pa.C.S. § 6318(a)(1); indecent assault, 18 Pa.C.S. § 3126(a)(7) (victim less than 13 years of age); endangering welfare of children, 18 Pa.C.S. § 4304(a)(1); corruption of minors, 18 Pa.C.S. § 6301(a)(1)(i); and indecent assault, 18 Pa.C.S. § 3126(a)(1) (without consent). On March 9, 2018, Appellant filed a recusal motion premised on the fact that the trial judge, the Honorable Donna Jo McDaniel, was potentially (or actually) biased toward Appellant following her rejection of his plea agreement with the Commonwealth. First Recusal Motion ("FRM"), 3/9/19, at 2 ¶ 11.

Following a trial held on March 14, 15, and 19 of 2018, a jury convicted Appellant of both counts of indecent assault, and of unlawful contact with a minor. Appellant filed a second recusal motion between the guilty verdict and sentencing. Second Recusal Motion ("SRM"), 6/1/18. The trial court orally denied the second recusal motion immediately prior to sentencing. N.T., 7/31/18, at 5-7. For unlawful contact with a minor, the court sentenced Appellant to 1-2 years' incarceration. For indecent assault (pursuant to subsection 3126(a)(7)), the court sentenced him to a consecutive term of 1-2 years' incarceration, to be followed by 5 years' probation. He received no further penalty for the second count of indecent assault.

Appellant filed a timely notice of appeal, a timely, court-ordered Pa.R.A.P. 1925(b) statement, and a supplemental Rule 1925(b) statement.

The trial court issued its Rule 1925(a) opinion on January 24, 2019. Appellant now presents the following questions for our review:

> I. Did the trial court abuse its discretion by refusing to recuse itself from [Appellant]'s trial based upon the appearance of impropriety and the finding by this Court of bias on the part of the trial judge?
>
> II. Is the sentence imposed [for indecent assault pursuant to subsection 3126(a)(7)] illegal in that it is greater than the lawful maximum?

Appellant's Brief at 8.

Appellant's first claim concerns Judge McDaniel's refusal to recuse. In the first recusal motion, Appellant alleged that an appearance of impropriety arose when Judge McDaniel rejected his plea agreement, yet continued to oversee Appellant's jury trial. FRM at 2-3 ¶¶ 11-12. In the second recusal motion, filed after the verdict but prior to sentencing, Appellant reiterated the prior basis for requesting recusal, and further argued that Judge McDaniel harbored an ongoing bias against sex offenders, as suggested by numerous contemporaneous newspaper articles. SRM at 2 ¶¶ 19-21. Appellant also alleged that, while discussing the rejection of Appellant's plea agreement, Judge McDaniel prejudged the sentence she would impose on Appellant if he were convicted. Id. at 2 ¶ 10.

Appellant presents both of these recusal claims as one single composite issue in his brief. Appellant's Brief at 14-29. However, the recusal motions raised separate factual predicates, involved largely unrelated lines of recusal case law, were filed at different stages of the case, and, if meritorious,

demanded substantially different forms of relief. Accordingly, we conclude that the motions must be treated separately.

### First Recusal Motion

The Commonwealth contends that Appellant waived our consideration of his first recusal motion. The Commonwealth explains:

> [I]t is noted that although [A]ppellant asserts that "Judge McDaniel denied the motion," ([Appellant's Brief at 28,]) nothing in the record evidences an effort on the part of the Assistant Public Defender to get a ruling on that motion prior to the start of trial and this attorney can't find any Order (written or verbal) denying said motion prior to the start of trial. In fact, when given an opportunity to address pending motions prior to the start of the jury trial, [A]ppellant did not mention recusal ([N.T., 3/14/18, at 3-5]). Appellant does not reference this Court to any part of the record where evidence of such pretrial denial (or pretrial litigation of the issue) can be found. "It is an appellant's responsibility to ensure that the certified record contains all the items necessary to review is claims. When a claim is dependent on materials not provided in the certified record, that claim is considered waived." Commonwealth v. Monarch, 165 A.3d 945, 949 (Pa. Super. 2017)[, rev'd on other grounds, 200 A.3d 51 (Pa. 2019)] (citations omitted). Although the motion was filed, it appears that [A]ppellant acceded to the trial court['s] presiding over his trial due to the fact that he never attempted to litigate the issue, despite being given an opportunity to do so ([N.T., 3/14/18, at 3-5]). Compare Commonwealth v. Stokes, 78 A.3d 644 (Pa. Super. 2013)[,] and Commonwealth v. Colon, 846 A.2d 747 (Pa. Super. 2004). ... [T]his Court should find the claim dealing with the pretrial motion to recuse waived due to trial counsel's failure to litigate the issue. See Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Commonwealth's Brief at 2-3 (footnote omitted).

We agree with the Commonwealth. Although it is undisputed that Appellant raised a timely, written, pretrial recusal motion, there is no

indication in the record that the trial court ever ruled on that motion. When the trial court indicated its intent to proceed to trial after having failed to rule on the first recusal motion, Appellant failed to object or otherwise draw the court's attention to the pending recusal motion.

When the court asked Appellant's trial attorney if there were any pending motions, he indicated that there were matters pending that had been raised in a motion in limine. N.T., 3/14/18, at 3. Counsel then discussed the merits of those issues. Id. at 3-5. Subsequently, Appellant's attorney stated, "Other than that, that is it." Id. at 5. Appellant's jury trial commenced immediately thereafter with the trial court's initial instructions to the jury. Id. Accordingly, we agree with the Commonwealth that Appellant effectively abandoned the first recusal motion by failing to prompt the trial court to rule on it prior to his trial.

In any event, had Appellant not waived the issue raised in the first recusal motion by failing to prompt the trial court to address it prior to trial, we would deem it meritless because Appellant failed to raise the trial court's effective denial of that motion separately in his Rule 1925(b) statement. "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." Commonwealth v. Lord, 719 A.2d 306, 309 (Pa. 1998). Here, Appellant specifically asserted in his Rule 1925(b) statement that he was challenging the denial of the "Motion to Recuse

filed June 1, 2018," which was the post-trial recusal motion, i.e., the second recusal motion. Rule 1925(b) Statement, 10/11/18, at 3 ¶ a. Accordingly, Appellant has waived our consideration of the effective denial of the first recusal motion for this reason as well.

## Second Recusal Motion

In Appellant's second recusal motion, which he filed after the verdict but prior to sentencing, he set forth additional allegations regarding Judge McDaniel's inability to be impartial. He first alleged that Judge McDaniel had prejudged his sentence. See SRM at 2-3 ¶¶ 10-12. Second, he asserted that Judge McDaniel harbored both general and specific biases that impacted her ability to be impartial. Id. at 3-4 ¶¶ 18-19; see also Commonwealth v. Bernal, 200 A.3d 995, 1003 (Pa. Super. 2018) (holding that Judge McDaniel had abused her discretion by denying a recusal motion where she displayed a pattern of animus toward the Public Defender's Office and toward sexual offenders as a class).

Important to our resolution of this matter, however, is that in the second recusal motion, Appellant specifically requested that Judge McDaniel "disqualify [her]self as sentencing judge" and "that the Administrative Judge reassign the case to another judge." SRM at 6. Notably, Appellant did not request a new trial at that time. Furthermore, as we discuss infra, we are compelled to remand for resentencing pursuant to Appellant's illegal sentencing claim. Additionally, we take judicial notice of the fact that Judge McDaniel has since retired. Consequently, by granting Appellant a new

sentencing hearing, we are effectively providing him the same relief that he specifically requested in the second recusal motion. Accordingly, the issue raised in the second recusal motion is rendered moot by our disposition of Appellant's sentencing claim.

## Illegal Sentence

Appellant argues that the trial court illegally sentenced him for indecent assault, because the aggregate sentence imposed at that count exceeded the statutory maximum sentence for that offense.

> "A challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction." Commonwealth v. Robinson, 931 A.2d 15, 19–20 (Pa. Super. 2007) (en banc). The phrase 'illegal sentence' is a term of art in Pennsylvania Courts that is applied to three narrow categories of cases. Id. at 21. Those categories are: "(1) claims that the sentence fell 'outside of the legal parameters prescribed by the applicable statute'; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in Apprendi v. New Jersey, 530 U.S. 466 […](2000)." Id.

Commonwealth v. Munday, 78 A.3d 661, 664 (Pa. Super. 2013).

Appellant contends that

> [t]he trial court imposed an illegal sentence on Count 2 of the information in this case as it was greater than the statutory maximum. A conviction under 18 Pa.C.S. § 3126(a)(7), Indecent Assault where the victim is less than 13 years of age, was properly graded as a misdemeanor of the first degree in this case. When imposing sentence upon a first–degree misdemeanor conviction, the maximum sentence is 5 years. 18 Pa.C.S. § 1104(1). Further, any probationary term may not exceed the maximum term for which the defendant could be confined. 42 Pa.C.S. § 9754. However, the trial court in this case imposed a sentence of 1 to 2 years of incarceration, followed by 5 years of probation, or a total sentence of seven years on this count. Because the sentence

exceeds the lawful maximum for this offense the sentence must be vacated and the case remanded for resentencing.

Appellant's Brief at 32-33. We find no fault in Appellant's reasoning. Appellant's sentence is patently illegal.

The Commonwealth contends that the orally imposed sentence was legal, but was not properly transcribed in the written sentencing order. Commonwealth's Brief at 18-19. However, the trial court did not address this matter in its Rule 1925(a) opinion, so we do not know whether the court simply misspoke at sentencing, or whether there was a drafting error in the written sentencing order. Nevertheless, the Commonwealth concedes that, as it appears in the written sentencing order, Appellant's sentence is illegal for the reasons set forth in Appellant's brief. Id. at 19. Moreover, the Commonwealth concludes its brief by suggesting that "the case be remanded for resentencing." Id. at 20.

Thus, because Appellant's sentence for indecent assault is illegal as it exceeds the statutory limits for that offense, we must vacate his sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/2019

- 8 -