J-S03008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| LANCE B. RUCKER | : | |
| Appellant | : | No. 634 WDA 2020 |

Appeal from the PCRA Order Entered May 12, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011745-1997,
CP-02-CR-0012372-1997

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| LANCE RUCKER | : | |
| Appellant | : | No. 764 WDA 2020 |

Appeal from the PCRA Order Entered May 12, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0012372-1997

BEFORE:   DUBOW, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: MARCH 12, 2021**

Appellant, Lance Rucker, appeals *pro se* from the Order entered May 12, 2020, which denied as untimely his seventh Petition for collateral relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Because Appellant's Petition fails to meet any of the PCRA's timeliness exceptions, we affirm.

On April 19, 2001, a jury convicted Appellant of Second-Degree Murder[1], Robbery, and related crimes.[2]  On April 23, 2001, the trial court sentenced Appellant to mandatory life imprisonment.  This Court affirmed the Judgment of Sentence, and on March 7, 2006, the Pennsylvania Supreme Court denied further review.  **Commonwealth v. Rucker**, 809 A.2d 964 (Pa. Super. 2002) (unpublished memorandum), *appeal denied*, 895 A.2d 549 (Pa. 2006). Appellant did not seek review with the United States Supreme Court.

Appellant unsuccessfully sought PCRA relief on six occasions.  During the pendency of his sixth Petition, Appellant repeatedly alleged bias and prejudicial misconduct by the Honorable Donna Jo McDaniel, who had presided over his trial and initial collateral proceedings.  On February 26, 2019, the PCRA court denied Appellant's sixth Petition as untimely.  Appellant did not appeal.

---

[1] At Docket No. 11745-1997, the jury convicted Appellant of Criminal Homicide, classified as Second-Degree Murder.  18 Pa.C.S. §§ 2501(a), 2502(b).

[2] At Docket No. 12372-1997, the jury convicted Appellant of Robbery, Conspiracy, Firearms Not to be Carried without a License, and Impersonating a Public Servant.  18 Pa.C.S. §§ 3701(a)(1), 903(a)(1), 6106(a)(1), and 4912, respectively.

Less than a month after the denial of his sixth Petition, on March 22, 2019, Appellant filed this seventh Petition, in which he repeated his prior claim against Judge McDaniel and asserted that three recent decisions by the Superior Court constituted newly discovered facts demonstrating Judge McDaniel's bias and misconduct. On May 12, 2020, after giving Appellant proper notice, the PCRA court denied Appellant's Petition as untimely.

On June 17, 2020,[3] Appellant filed a single Notice of Appeal in which he listed both of his criminal dockets, Nos. 11745-1997 and 12372-1997. **See** 634 WDA 2020. After this Court issued a Rule to Show Cause referencing **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), Appellant filed a second Notice of Appeal on July 17, 2020, challenging the same Order but listing only docket No. 12372-1997. **See** 764 WDA 2020. This Court issued a second Rule to Show Cause questioning the timeliness of the second Notice of Appeal. Appellant did not respond to either of the Rules, and this Court discharged them noting possible review by the merits panel assigned the appeals. On October 7, 2020, this Court consolidated Appellant's two appeals.

**Validity of these Appeals**

Because this Court issued Rules to Show Cause after Appellant filed each Notice of Appeal, we first address the validity of these appeals.

---

[3] Appellant's Notice of Appeal filed June 17, 2020, docketed by this Court at 634 WDA 2020 is deemed timely. **See In re: General Statewide Judicial Emergency**, 234 A.3d 408 (Pa. filed May 27, 2020) (suspending time calculations and filing deadlines from March 16, 2020, through June 1, 2020); Pa.R.A.P. 903(a) (appeal must be filed within 30 days of final order).

In the first appeal docketed at 634 WDA 2020, Appellant listed both his court of common pleas criminal docket numbers. This was a violation of Pa.R.A.P. Rule 341(a). *See Commonwealth v. Walker*, 185 A.3d 969, 976-77 (Pa. 2018) (quashing appeal where notice of appeal listed more than one docket number in violation of Rule 341). Although quashal is generally required in this circumstance, we may overlook this violation when the trial court has misinformed or misled an appellant regarding his appellate rights. *Commonwealth v. Larkin*, 235 A.3d 350, 353-54 (Pa. Super. 2020) (*en banc*). Here, the Order dismissing Appellant's seventh Petition states that he may appeal "but must do so by filing *a* Notice of Appeal within thirty (30) days[.]" PCRA Ct. Order, 5/12/20 (emphasis added). By indicating a singular notice of appeal would suffice, the PCRA court's Order misinformed Appellant of his appellate rights. Accordingly, we decline to quash the appeal docketed at 634 WDA 2020.

With respect to the second appeal docketed at 764 WDA 2020, Appellant filed the Notice of Appeal on July 17, 2020, sixty-six days after the PCRA court dismissed his Petition, and forty-six days after the termination of the Supreme Court's statewide judicial emergency order. Because Appellant was required to file the appeal within 30 days after the termination of the judicial emergency, *i.e.*, by July 1, 2020, this second appeal is untimely. *See In re: General Statewide Judicial Emergency*, 234 A.3d 408 (Pa. filed May 27, 2020); Pa.R.A.P. 903(a). Accordingly, we quash the appeal docketed at 764 WDA 2020 as untimely.

**Review of this Seventh PCRA Petition**

Appellant raises numerous substantive claims for our review. *See* Appellant's Br. at iv-vii. He also asserts the PCRA court erred in dismissing his Petition as untimely. According to Appellant, he first learned of Judge McDaniel's bias and misconduct from a news article published in December 2018, which spurred him to further investigation and his discovery of several Superior Court cases critical of Judge McDaniel, as well as a letter of her resignation from the bench. Appellant contends that, because he promptly filed his seventh Petition in March 2019, within days of acquiring this information, his Petition satisfies the PCRA's timeliness exception for newly discovered facts. *See* Appellant's Br. at 13-16.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citing *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014)).

Initially, however, we must address the timeliness of Appellant's Petition, as it implicates our jurisdiction. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1).

Appellant's Judgment of Sentence became final on June 5, 2006, upon expiration of time to file a petition for writ of *certiori* with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3); **see also** U.S.Sup.Ct.R. 13. Appellant did not file his seventh Petition until March 22, 2019, more than twelve years after his Judgment of Sentence became final. It is therefore facially untimely.

There are three statutory exceptions to the timeliness requirement of the PCRA. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). "[I]t is the petitioner's burden to plead in the petition and prove that one of the exceptions applies." *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant attempts to invoke the newly discovered facts exception at 42 Pa.C.S. § 9545(b)(1)(ii). In order to establish this exception, a petitioner must demonstrate that "the facts upon which [his] claim is predicated were unknown to [him] and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S § 9545(b)(1)(ii). "Due diligence demands the petitioner to take reasonable steps to protect [his] own interests." *Commonwealth v. Shiloh*, 170 A.3d 553, 558 (Pa. Super. 2017) (citation omitted).

The focus of this exception is on the newly discovered facts, "not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Fennell*, 180 A.3d 778, 782 (Pa. Super. 2018) (citation omitted). In addition, there must be "some relationship" between the facts and the underlying claims asserted by the petitioner. *Commonwealth v. Shannon*, 184 A.3d 1010, 1016-18 (Pa. Super. 2018) (discussing

- 6 -

*Commonwealth v. Chmiel*, 173 A.3d 617 (Pa. 2017)). Finally, it is well settled that "judicial determinations do not satisfy the newly discovered fact exception[.]" *Commonwealth v. Reid*, 235 A.3d 1124, 1146 (Pa. 2020) (citing *Commonwealth v. Watts*, 23 A.3d 980, 986-87 (Pa. 2011)).

Appellant's assertion of Judge McDaniel's purported misconduct is not a new fact previously unknown to Appellant because he made an identical assertion in support of his sixth PCRA Petition. *Compare* Seventh Petition, 3/22/19 (alleging Judge McDaniel's bias and misconduct), *with* Amended Sixth Petition, 1/4/19 (same). Moreover, Appellant's citation to recent cases that may have been critical of Judge McDaniel is unavailing because judicial determinations do not constitute facts for purposes of the PCRA's timeliness exceptions, and to the extent Appellant relies on these cases to bolster his assertion of misconduct, they merely provide a new source for a previously known fact. Finally, the cases cited by Appellant are completely unrelated to his case.[4]

For these reasons, Appellant has not established the newly discovered fact exception to the PCRA's timeliness requirement. We are, thus, without jurisdiction to review the merits of the issues raised in this Appeal.

Order affirmed; Appeal at 764 WDA 2020 quashed.

---

[4] Appellant cited *Commonwealth v. Bernal*, 200 A.3d 995 (Pa. Super. 2018) (discussing J. McDaniel's bias against defendants and their counsel in sex offender cases); *Commonwealth v. McCauley*, 199 A.3d 947 (Pa. Super. 2018) (same); *Commonwealth v. Bernal*, 138 WDA 2016 (Pa. Super. filed 12/19/16) (unpublished memorandum) (same).

Judge Murray joins the memorandum.

Judge Strassburger did not participate.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/12/2021