J-A02002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIO BRANNON | : | |
| | : | |
| Appellant | : | No. 1783 WDA 2018 |

Appeal from the Judgment of Sentence Entered November 26, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010168-2014

BEFORE:  SHOGAN, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 14, 2020**

Appellant, Mario Brannon, appeals from the judgment of sentence entered on November 26, 2018, in the Allegheny County Court of Common Pleas.  We affirm.

The record reflects that on August 25, 1991, Appellant broke into the home of a twenty-one-year-old woman, threatened to kill her, and raped her at knifepoint.  N.T., Preliminary Hearing, 7/28/14, at 4-5.  Appellant remained a fugitive for more than two decades.  However, in July of 2013, detectives working on "cold cases" identified Appellant through DNA analysis.  Trial Court Opinion, 7/21/15, at 4; N.T., Pretrial Motion, 10/21/14, at 8.  The DNA match was possible because the DNA collected from the 1991 rape matched DNA

samples obtained from other rapes that Appellant committed in the state of Georgia in 1993 and 1994. Trial Court Opinion, 7/21/15, at 3-4.[1]

On September 3, 2014, the Commonwealth charged Appellant with rape by forcible compulsion, burglary, terroristic threats, indecent assault, and simple assault for an attack that occurred on August 25, 1991.[2] Criminal Information, 9/3/14. On October 30, 2014, Appellant proceeded to a nonjury trial on stipulated facts, and the trial court found Appellant guilty on all counts. N.T., Trial and Sentencing, 10/30/14, at 4. The trial court sentenced Appellant to a period of incarceration of ten to twenty years for rape and a consecutive term of ten to twenty years of incarceration for burglary. *Id.* at 18. The trial court imposed no further penalty on the remaining counts. Accordingly, Appellant's aggregate sentence was twenty to forty years of incarceration.

On November 7, 2014, Appellant filed a timely post-sentence motion. The trial court denied Appellant's motion on November 12, 2014, and Appellant filed a timely appeal. On July 12, 2016, a panel of this Court concluded that the trial court failed to demonstrate its awareness of the Sentencing Guidelines, vacated Appellant's sentence, and remanded for

---

[1] Although the specifics of the sentences are unclear, in 2002, Appellant was sentenced to a term of forty years of incarceration in Georgia. Trial Court Opinion, 7/21/15, at 4.

[2] 18 Pa.C.S. §§ 3121(a)(1), 3502(c)(1), 2706(a)(1), 3126(a)(1), and 2701(a)(3), respectively.

resentencing. ***Commonwealth v. Brannon***, \_\_\_ A.3d \_\_\_, 2017 WDA 2014 (Pa. Super., filed July 12, 2016) (unpublished memorandum).

On November 26, 2018, the trial court resentenced Appellant *via* closed circuit television because Appellant was incarcerated in Georgia. N.T., Resentencing, 11/26/18, at 1. The trial court again sentenced Appellant to a term of ten to twenty years of incarceration for rape and a consecutive term of ten to twenty years of incarceration for burglary. ***Id***. at 17. The trial court declined the Commonwealth's request to run this sentence consecutively to the Georgia sentence because the trial court's original sentence ran concurrently with the Georgia sentence.[3] N.T., Resentencing, 11/26/18, at 15.

On December 6, 2018, Appellant filed a post-sentence motion in which he asserted the trial court abused its discretion when it imposed excessive sentences above the aggravated-range of the Sentencing Guidelines and failed to adequately consider Appellant's rehabilitative needs. Post-Sentence Motion, 12/6/18. The trial court denied Appellant's motion on December 11, 2018, and this timely appeal followed.

The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant

---

[3] ***See North Carolina v. Pearce***, 395 U.S. 711 (1969), *overruled on other grounds*, ***Alabama v. Smith***, 490 U.S. 794 (1989), (establishing a rebuttable presumption of vindictiveness when a sentencing court imposes a more severe sentence when resentencing a defendant).

complied on January 18, 2019. However, the sentencing judge, the Honorable Donna Jo McDaniel, retired from the bench and did not draft a Pa.R.A.P. 1925(a) opinion. This matter was reassigned to the Honorable Jeffrey Manning, who drafted an opinion stating that the sentencing judge's reasons for the sentence imposed were set forth at the November 26, 2018 hearing. Opinion, 4/22/19, at 3.

On appeal, Appellant raises the following issues for this Court's consideration:

> I. Did the trial court abuse its discretion when imposing a manifestly excessive aggregate sentence of 20 to 40 years in prison on rape and burglary convictions when it failed to consider [Appellant's] mitigating circumstances, including his advancing age, present incarceration, and successful rehabilitative efforts?
>
> II. Did the trial court abuse its discretion when imposing manifestly excessive sentences of 10 to 20 years in prison on each of the rape and burglary convictions run consecutively when it failed to consider [Appellant's] rehabilitative needs following his own sexual victimization at an early age?

Appellant's Brief at 5.

Appellant's issues challenge the discretionary aspects of his sentence. We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id.** at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006)).

Here, the first three requirements of the four-part test are met: Appellant filed a timely appeal; Appellant preserved the issue of imposition of an excessive sentence in his post-sentence motion; and Appellant included a statement raising this issue in his brief pursuant to Rule 2119(f). **Moury**, 992 A.2d at 170. Therefore, we determine whether Appellant raised a substantial question.

"We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." **Commonwealth v. Ahmad**, 961 A.2d 884, 886-887 (Pa. Super. 2008). Allowance of appeal will be permitted only when the appellate court determines that there is a substantial question that the sentence is not appropriate under the Sentencing Code.

*Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. *Id*.

In his Pa.R.A.P. 2119(f) statement, Appellant asserts that the trial court abused its discretion when it imposed sentences outside the aggravated range of the Sentencing Guidelines and ordered the sentences to run consecutively. Appellant avers that the trial court failed to consider relevant sentencing factors, mitigating circumstances and rehabilitative needs, and instead imposed manifestly excessive consecutive sentences. Appellant's Brief at 19-20. Although not specified in his Rule 2119(f) statement, Appellant also asserts the trial court failed to provide its reasons for sentencing Appellant outside of the Sentencing Guidelines.[4] Appellant's Brief at 23.

Appellant's issues raise substantial questions for our review. *See Commonwealth v. Hill*, 210 A.3d 1104, 1116 (Pa. Super. 2019) (finding a substantial question where the appellant averred that the trial court failed to consider certain sentencing factors in conjunction with an assertion that the

---

[4] The Commonwealth did not object to Appellant's failure to include this issue in his Rule 2119(f) statement. Accordingly, we decline to find waiver, and we address the claim on its merits. *See Commonwealth v. Anderson*, 830 A.2d 1013, 1017 (Pa. Super. 2003) ("If an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth does not object, the reviewing Court may overlook the omission if the presence or absence of a substantial question can easily be determined from the appellant's brief.").

sentence imposed was excessive); *see also Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999) ("Where the appellant asserts that the trial court failed to state sufficiently its reasons for imposing sentence outside the sentencing guidelines, we will conclude that the appellant has stated a substantial question for our review.").  Because Appellant's issues are interrelated, we address them concurrently.

At the outset, it is well settled that when the trial court has the benefit of a presentence investigation ("PSI") report, it is presumed that the court was both aware of and appropriately weighed all relevant information contained therein.  *Commonwealth v. Griffin*, 804 A.2d 1, 8 (Pa. Super. 2002).  Where the trial court imposes a sentence outside the Sentencing Guidelines, "the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines.  Failure to comply shall be grounds for vacating the sentence and resentencing the defendant." *Rodda*, 723 A.2d at 214 (quoting 42 Pa.C.S. § 9721(b)).  "We have interpreted these provisions to require, at minimum, that when a court deviates from the sentencing guidelines, it must indicate that it understands the suggested sentencing range." *Id.* (citation omitted).  Therefore, when deviating from the Sentencing Guidelines, the trial court must indicate its understanding of the suggested ranges.  *Id.*  However, there is no requirement that the trial court must state "magic words" in a *verbatim* recitation of the Sentencing Guideline's ranges to satisfy this requirement. *Id.*

at 215. When imposing sentence, the trial court has rendered a proper "contemporaneous statement" where "the record demonstrates with clarity that the court considered the Sentencing Guidelines in a rational and systematic way and made a dispassionate decision to depart from them." ***Id.*** at 216.

At Appellant's resentencing, the trial court stated its understanding of the Sentencing Guidelines and its understanding of the recommended sentences for each crime. N.T., Resentencing, 11/26/18, at 3. The court noted that at the time of Appellant's crimes, the Sentencing Guidelines recommended an aggravated-range sentence of seventy-eight to 106 months, a standard-range sentence of fifty-four to ninety months, and a mitigated-range minimum sentence of forty-three months of incarceration.[5] ***Id.*** The trial court then stated that for Appellant's burglary conviction, the Sentencing Guidelines recommended an aggravated-range sentence of twenty-nine to thirty-six months, a standard-range sentence of twelve to twenty-nine months, and a mitigated-range minimum sentence of twelve months of incarceration. ***Id.*** Additionally, the trial court stated that it had reviewed and considered the PSI report. ***Id.*** at 3-5.

---

[5] On August 25, 1991, when Appellant committed the crimes underlying this appeal, the Revised Third Edition of the Pennsylvania Sentencing Guidelines was applicable. ***Commonwealth v. Touw***, 781 A.2d 1250, 1253 n.3 (Pa. Super. 2001); 204 Pa.Code § 303.9, effective August 9, 1991. The Revised Third Edition covered crimes committed on or after August 9, 1991, and before August 12, 1994, the effective date of the Fourth Edition. ***Id.***

After the trial court discussed the applicable Sentencing Guidelines and the PSI report, it permitted Appellant his right of allocution. N.T., Resentencing, 11/26/18, at 8-11. Thereafter, the trial court heard from the victim. *Id.* at 12-13. The victim expressed her belief that Appellant "should have to serve the sentence he deserves in the fullest capacity." *Id.* at 13. The trial court then reiterated its considerations, noted Appellant's history of violent offenses including additional rape convictions, and explained its concerns that the circumstances of the instant offenses outweighed Appellant's attempts at rehabilitation during incarceration. *Id.* at 15-16. The trial court then imposed the statutory maximum sentence of 120 to 240 months of incarceration on both counts and ordered them to run consecutively to each other but concurrently with the sentence Appellant was serving in Georgia. *Id.* at 17.

After review, we discern no abuse of discretion. The trial court stated its consideration of the facts of the case, the Sentencing Guidelines, and Appellant's criminal history. N.T., Resentencing, 11/26/18, at 3-5, 15-16. Moreover, the trial court was aware of the appropriate sentencing factors and mitigating evidence *via* its consideration of the PSI report. *Griffin*, 804 A.2d at 8; *Rodda*, 723 A.2d at 214-216. "[I]t would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand." *Griffin*, 804 A.2d at 8. Thus, it is evident that the trial

court considered the Sentencing Guidelines and made a dispassionate decision to depart therefrom. *Rodda*, 723 A.2d at 215-216.

Finally, to the extent that Appellant is unhappy with the duration of his incarceration due to the consecutive nature of the rape and burglary sentences, the decision to order sentences to run concurrently or consecutively is left to the discretion of the trial court. *Commonwealth v. Radecki*, 180 A.3d 441, 470 (Pa. Super. 2018). It is well settled that an appellant is not entitled to a "volume discount" for his crimes by having all of his sentences run concurrently. *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Moury*, 992 A.2d at 171-172 (citation omitted). Herein, Appellant failed to argue any "extreme circumstances." *Radecki*, 180 A.3d at 470. We conclude that the trial court acted within its discretion in imposing consecutive sentences after reviewing the facts of the case, Appellant's criminal history, Appellant's age and mitigating factors, and the PSI report.[6]

---

[6] In his brief, Appellant discusses this Court's decisions in *Commonwealth v. McCauley*, 199 A.3d 947 (Pa. Super. 2018), and *Commonwealth v. Bernal*, 200 A.3d 995 (Pa. Super. 2018). Appellant's Brief at 26-28, n.4. The decisions in *McCauley* and *Bernal* involve the same trial court judge, the Honorable Donna Jo McDaniel, and the issues in those cases focused on

- 10 -

For the reasons set forth above, we conclude that no relief is due. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2020

---

Judge McDaniel's refusal to recuse based on assertions of bias when sentencing sex offenders. *McCauley*, 199 A.3d at 954; *Bernal*, 200 A.3d at 1003. We note that Appellant did not move for Judge McDaniel's recusal. We are cognizant that Appellant cites these cases to illustrate bias and support his assertion of an abuse of discretion. However, for the reasons set forth above, we conclude there was no abuse of sentencing discretion under the facts and circumstances in the instant case.

- 11 -