J-A09012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PARIS FUQUE GLENN | : | |
| | : | |
| Appellant | : | No. 1388 WDA 2018 |

Appeal from the Judgment of Sentence Entered August 23, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001192-2018

BEFORE:   SHOGAN, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:                         **FILED JULY 31, 2020**

Appellant, Paris Fuque Glenn, appeals from the judgment of sentence entered by the Allegheny County Court of Common Pleas on August 23, 2018. We affirm the convictions but vacate the judgment of sentence and remand for resentencing.

Appellant was charged on January 1, 2018, with one count each of corruption of minors, 18 Pa.C.S. § 6301(a)(1)(ii) (count 1), graded as a third-degree felony, and indecent assault, 18 Pa.C.S. § 3126(a)(7) (count 2), graded as a first-degree misdemeanor.  Appellant proceeded to a jury trial before the Honorable Donna Jo McDaniel on May 29–30, 2018, and he was

_____

[*] Retired Senior Judge assigned to the Superior Court.

convicted of both charges.[1] Judge McDaniel sentenced Appellant to two to four years of incarceration for count 1 and three years of consecutive probation on count 2 and ordered that Appellant register as a sex offender for life. N.T. (Sentencing), 8/23/18, at 5; Order of Sentence, 8/23/18. Appellant filed a post-sentence motion on August 24, 2018, challenging the discretionary aspects of sentencing, which Judge McDaniel denied on August 30, 2018. Appellant filed a notice of appeal on September 28, 2018; Judge McDaniel directed the filing of a Pa.R.A.P. 1925(b) statement by November 1, 2018. Following the grant of his request for an extension of time, Appellant filed a timely Rule 1925(b) statement on January 4, 2019. Judge McDaniel retired without filing an opinion, and the case was reassigned to the Honorable Jeffrey Manning, who declined to file a Pa.R.A.P. 1925(a) opinion.

We note the facts of the crimes, as set forth in the affidavit of probable cause and confirmed in the notes of testimony:

> [The victim, S.B., age eleven,] reported to investigating detectives [Jason Binder and Greg Renco of the Allegheny County Police Department and assigned to General Investigations Child Abuse/Sexual Assault Unit] that around midnight on . . . 1-1-2018, a family friend known . . . as [Appellant] had been at their residence . . . for a New Year['']s Eve party. [S.B.] was laying on her mother's bed when [Appellant] came into the bedroom and asked [S.B.] to take her clothes off because he wanted to see her "parts." [S.B.] refused and told [Appellant] to get out of the room.

---

[1] At the conclusion of the Commonwealth's case-in-chief, the trial court noted, "I'm going to deny the motion for judgment of acquittal except for the course of conduct" and amended "count 1 to a misdemeanor of the first degree[, 18 Pa.C.S. § 6301(a)(1)(i),] rather than the felony of the third degree." N.T., 5/29/18, at 109.

A short time later [Appellant] entered the bedroom again when [S.B.] was sleeping in bed[,] and [she] woke up and found [Appellant] standing next to the bed with his hand down her pants. [Appellant] reached inside her pants and underwear and started feeling [S.B.'s] buttocks. [S.B.] grabbed his hand and fought [Appellant] off and told him to get out of the bedroom. [S.B.] pulled his hand out of her pants and then grabbed a piece of wood in the bedroom and yelled at [Appellant] to get out of the bedroom.

[S.B.'s] mother is familiar with [Appellant] and identified him as [Appellant]. North Braddock Police were also familiar with [Appellant]. [Appellant] is currently 33 years of age.

Criminal Complaint, 1/1/18, at 2; *see also* N.T., 5/29/18, at 39–44.

Appellant raises the following issues on appeal:

I. Where the alleged victim testified that [Appellant] "touched kids" in a sex offense trial, did the Trial Court err in denying [Appellant's] motion for a mistrial in light of this inflammatory, prejudicial statement?

II. Whether the Trial Court abused its discretion by admitting hearsay evidence offered by the Commonwealth without any exception applicable, causing [Appellant] prejudice?

III. Did the Trial Court fail to adequately consider and apply all relevant sentencing criteria, including the protection of the public, gravity of the offense/violation, and especially [Appellant's] rehabilitative needs, as required under 42 Pa.C.S. §9721(b) (sentencing generally; general standards)? Did the Trial Court consider improper evidence and fail to permit [Appellant] to allocute, to consider mitigating evidence, and to find aggravating factors justifying an aggravated sentence?

IV. Whether [Appellant's] sentence is illegal because it bars his access to the Internet despite his offense having no Internet component, it requires him to register on Pennsylvania's Internet registry, and it requires him to register under an unconstitutional registration scheme?

Appellant's Brief at 6.

Appellant first argues that the trial court erred in denying his motion for a mistrial. "The trial court is in the best position to assess the effect of an allegedly prejudicial statement on the jury." *Commonwealth v. Parker*, 957 A.2d 311, 319 (Pa. Super. 2008). Thus, it is "well-settled that the review of a trial court's denial of a motion for a mistrial is limited to determining whether the trial court abused its discretion." *Commonwealth v. Chamberlain*, 30 A.3d 381, 422 (Pa. 2011) (citations omitted). "The remedy of a mistrial is an extreme remedy required "only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial tribunal," *Commonwealth v. Johnson*, 719 A.2d 778, 787 (Pa. Super.1998) (*en banc*), and the incident upon which the motion is based is of such a nature that its unavoidable effect is to prevent the jury from weighing and rendering a true verdict. *Chamberlain*, 30 A.3d at 422. A mistrial is not necessary where cautionary instructions are adequate to overcome any possible prejudice. *Id.*

Instantly, during questioning by the Commonwealth, S.B. testified that her mother, L.P., told her that Appellant was not permitted in their home if L.P. was not present; L.P. was not present on the night of the assault. N.T., 5/29/18, at 28, 32–33. When the Commonwealth asked S.B., "[W]hat do you understand about why [Appellant] wasn't allowed there if your mom wasn't home?," S.B. answered, "[B]ecause he touched people. He touched kids." *Id.* at 33. Defense counsel objected, and a sidebar ensued. Originally,

defense counsel stated, "I think I'd just ask for an instruction." **Id.** at 34. An off-the-record discussion followed, and when the parties returned to the record, defense counsel stated, "Your Honor, just for prejudicial value, I would ask for a mistrial based on [S.B.'s] answer." **Id.** The trial court denied a mistrial and advised it would "issue a cautionary instruction," which it did. **Id.** at 34–35.

Appellant now asserts that S.B.'s statement is "precisely the type of evidence" that is prejudicial. Appellant's Brief at 26. He argues that the statement deprived him "of his presumption of innocence and a fair trial." **Id.** at 27 (citing **Commonwealth v. Laughman**, 452 A.2d 548, 549 (Pa. Super. 1982)). Appellant maintains the singular comment "inflame[d] the passion of the jury," as evidenced by Judge McDaniel's comment at sidebar that the statement was prejudicial. Appellant's Brief at 27 (citing N.T., 5/29/18, at 34).

Appellant also contends that the trial court's cautionary instruction was "insufficient." Appellant's Brief at 29. After the sidebar and the trial court's denial of a mistrial, the trial court stated, "Okay. I'm going to instruct the jury to disregard [S.B.'s] response. It is not part of the evidence in this trial." N.T., 5/29/18, at 34–35. Thus, Appellant claims the prejudice that inured to him was not cured by the trial court's instruction. Appellant's Brief at 29.

We do not find an abuse of discretion by the trial court. Initially, Appellant requested a cautionary instruction, although he later moved for a

mistrial. N.T., 5/29/18, at 34. Moreover, after the trial court issued the cautionary instruction, Appellant did not object to its content or wording, thereby indicating satisfaction with the instruction as given. *Id.* at 35; *see* ***Commonwealth v. Jones***, 668 A.2d 491, 504 (Pa. 1995) ("[T]he jury is presumed to follow cautionary instructions and [an] appellant's failure to object to the instruction indicated his satisfaction with the instruction); ***Commonwealth v. Montalvo***, 956 A.2d 926, 936 (Pa. 2008) (noting "the general rule that in order to preserve a claim on appeal, a party must lodge a timely objection at trial) (citing, *inter alia*, ***Commonwealth v. May***, 887 A.2d 750, 758 (Pa. 2005) ("To the extent the claims would sound in trial court error, they are waived due to the absence of contemporaneous objections."); Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). As Appellant failed to request a more detailed instruction, and further, failed to ask the court to poll the jury, also an inaction about which Appellant now complains, we find that any objection to the cautionary instruction is waived.

Further, the Commonwealth did not make any explicit references to any prior bad acts or detail any past criminal activity committed by Appellant, diminishing any potentially prejudicial effect from the statement. Moreover, we observe that Appellant did not object to S.B.'s testimony that Appellant tried to kiss her cousin, as well; therefore, there was other evidence in the

record that supported S.B.'s statement.[2]  N.T., 5/29/18, at 48.  For all of these reasons, we conclude that the trial court properly exercised its discretion in denying Appellant's request for a mistrial.

Appellant next argues the trial court abused its discretion by allowing the Commonwealth to present the testimony of Detective Greg Renco and Sergeant Jason Binder regarding S.B.'s preliminary-hearing testimony and S.B.'s statement to police on January 1, 2018.  Appellant's Brief at 31. Appellant asserts the officers' testimony was cumulative and inadmissible hearsay to which no exception to the hearsay rules applied.  *Id.*  Appellant maintains the trial court allowed Detective Renco to recount S.B.'s statement to him over defense counsel's hearsay objection.  *Id.* at 32 (citing N.T. 5/29/18, at 77).  Appellant further contends that the lack of a Pa.R.A.P. 1925(a) opinion bolsters Appellant's claim that a new trial is necessary because there is no way to know why the trial court admitted this evidence. *Id.* at 32 n.2.

Appellant also asserts that Sergeant Binder erroneously was permitted to repeat S.B.'s preliminary-hearing testimony.  Appellant's Brief at 32 (citing N.T., 5/29/18, at 92–94).  Appellant suggests the sergeant's testimony was merely a repeat of S.B.'s testimony, and he posits that the repeated testimony

---

[2] The testimony is unclear whether Appellant tried to kiss S.B.'s cousin, who was described as being "in her 20s," at that time or whether Appellant had tried to kiss the cousin when she was a child.  N.T., 5/29/18, at 48.

"creat[ed] the impression with the jury of the existence of corroborating evidence to establish S.B.'s consistency and reliability." Appellant's Brief at 33.

We initially note that Appellant never objected to the officers' testimony as cumulative; his objection was only one of hearsay. N.T., 5/29/18, at 77, 92. Therefore, any claim that the testimony was cumulative has been waived. **Commonwealth v. Lopez**, 57 A.3d 74, 82 (Pa. Super. 2012) ("A party complaining, on appeal, of the admission of evidence in the court below will be confined to the specific objection there made. If counsel states the grounds for an objection, then all other unspecified grounds are waived and cannot be raised for the first time on appeal.") (internal citations omitted); **Commonwealth v. Torres-Kuilan**, 156 A.3d 1229 (Pa. Super. 2017) (citing Pa.R.A.P. 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal)).

We acknowledge that our review of this issue is hampered by the absence of Judge McDaniel's explanation for her admission of the testimony. In addition, our review suffers from Appellant's non-specific objection at trial, merely claiming "hearsay," N.T., 5/29/18, at 77, 92, and his failure to offer a complete argument on appeal regarding the applicable individual rules of evidence. Our review of the record, however, reveals that Detective Renco's testimony was in response to Appellant's earlier cross-examination of S.B. with a prior inconsistent statement. At trial, S.B. stated Appellant touched

her "butt," N.T., 5/29/18, at 39–41. On cross-examination, defense counsel questioned S.B. about her earlier statements to North Braddock Police Officers, who initially responded to the call, that Appellant also had touched her on the chest, N.T., 5/29/18, at 61–62, in an attempt to underscore inconsistencies in S.B.'s trial testimony.

Following our review of the record, we agree with the Commonwealth that Detective Renco's testimony served to rehabilitate S.B.'s testimony that Appellant only touched her buttocks; if she indicated otherwise to the North Braddock Officers, she was mistaken. *See* Pa.R.E. 613 (c)(2) (witness's prior inconsistent statement to impeach); Pa.R.E. 803.1 (exception to Rule against Hearsay); Commonwealth's Brief at 17–18.

As to Sergeant Binder's testimony, Appellant suggests that Sergeant Binder's repetition of S.B.'s preliminary-hearing testimony created "the impression with the jury of the existence of corroborating evidence." Appellant's Brief at 33–34. Again, this claim on appeal differs from the contention put forth at trial. During Sergeant Binder's testimony, Appellant interrupted at one point and asserted, "Objection, Your Honor, hearsay." N.T., 5/29/18, at 92. There were no further objections other than Appellant's claim that the ADA was "summarizing the testimony of the prior hearing." *Id.* at 94. As we stated *supra*, any claim that the testimony was cumulative has been waived, *Lopez*, 57 A.3d at 82, in that, similar to his claim regarding Detective Renco's testimony, Appellant's objection regarding Sergeant

Binder's testimony was a mere unsubstantiated claim that it was hearsay. Appellant cannot now argue that it constituted corroborating evidence.

Even if not waived, the argument is lacking in support. *Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014) ("The Rules of Appellate Procedure require that appellants adequately develop each issue raised with discussion of pertinent facts and pertinent authority."). *See* Pa.R.A.P. 2119. Appellant has failed to support his claim with any reference to pertinent case law or rules of court. Appellant's Brief at 32–34.

In addition, Appellant suggests that while Sergeant Binder's testimony, "standing alone, would not have contributed to the verdict," Appellant's Brief at 34, its cumulative effect in conjunction with Detective Renco's testimony deprived Appellant of a fair trial. *Id.* We previously determined that Detective Renco's testimony was not prejudicial. Thus, the lack of support for this argument, coupled with Appellant's admission that standing alone, it was ineffectual, compels our conclusion that it lacks merit.[3]

_____

[3] We also note that Sergeant Binder's testimony served the following purpose. S.B. testified, without objection, that Appellant was not allowed in the house unless her mother was home. N.T., 5/29/18, at 32–33. S.B. described the party that her teenage sister hosted on the evening of the incident and stated that Appellant arrived when L.P. was not at home; Appellant then left and returned a second time after L.P. came home. *Id.* at 37. Sergeant Binder testified that Appellant admitted to detectives that he had gone to the residence for the party and stayed the night. *Id.* at 99. S.B.'s father, L.B., testified that men never were permitted to be in the house alone with the children. *Id.* at 105. Defense counsel's cross-examination of Sergeant Binder established that police had no first-hand knowledge whether Appellant had

Appellant's third issue concerns the discretionary aspects of sentence. Appellant argues that Judge McDaniel considered improper factors, failed to permit allocution, failed to state reasons in support of the aggravated-range sentence imposed, and failed to consider mitigating factors. Appellant's Brief at 36–49.

It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence," by (1) preserving the issue in the court below, (2) filing a timely notice of appeal, (3) including a Rule 2119(f) statement, and (4) raising a substantial question for our review. *Commonwealth v. Tejada*, 107 A.3d 788, 797 (Pa. Super. 2015) (citation omitted); *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013).

In the instant case, Appellant filed a timely appeal, but the issue regarding allocution was not properly preserved either at sentencing or in Appellant's post-sentence motion. Thus, as argued by the Commonwealth, this claim is waived. Commonwealth's Brief at 33 (citing *Commonwealth v.*

---

been invited to the house that evening, despite Appellant's statement to them that "he was led to believe apparently that he was invited to the party." *Id.* at 101–102.

- 11 -

*Jacobs*, 900 A.2d 368, 377 (Pa. Super. 2006) (*en banc*) (While the failure to grant a defendant allocution "constitutes legal error, . . . it is nevertheless waivable under Pennsylvania law.") (footnote omitted)); *see also Commonwealth v. Hardy*, 99 A.3d 577, 579 (Pa. Super. 2014) ("[I]n order to preserve a claim of error pertaining to the right of allocution, the defendant must raise [it] before the trial court at the time of sentencing or in a post-sentence motion.").

Appellant, however, did assert the other issues in his post-sentence motion, specified them in his Pa.R.A.P. 2119(f) statement, and raised them on appeal: *i.e.*, the trial court's alleged reliance on improper factors, Judge McDaniel's failure to consider mitigating factors, and her improper imposition of an aggravated-range sentence without stating on the record her reasons for sentencing in the aggravated range of the Guidelines.[4]   Post-Sentence Motion, 8/24/18.

The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will allow the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code, or (2) contrary to the fundamental norms which underlie the sentencing

---

[4]  Judge McDaniel initially claimed that she had "the [Sentencing] guidelines" but corrected herself and stated, "I don't really have [them] but I will."  N.T. (Sentencing), 8/23/18, at 2.  The absence of the Guidelines was never corrected in the record.

process. ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Commonwealth v. Knox***, 165 A.3d 925, 929 (Pa. Super. 2017) (quoting ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005)). We conclude Appellant has raised a substantial question permitting appellate review. ***See Commonwealth v. Mrozik***, 213 A.3d 273, 275–276 (Pa. Super. 2019) (citing ***Commonwealth v. Booze***, 953 A.2d 1263, 1278 (Pa. Super. 2008) (stating that "an allegation that the court failed to state adequate reasons on the record for imposing an aggravated-range sentence raises a substantial question for our review.")).

We agree with the parties that justice will best be served by providing Appellant a new sentencing proceeding.[5] Commonwealth's Brief at 27; Appellant's Brief at 46. As our Supreme Court has stated:

> [I]n any case where the trial court fails to prepare an opinion that addresses the issues upon which it passed and which are raised by a party on appeal, the net result is the same: the appellate court is deprived of explication and guidance on those issues from

---

[5] Appellant also cites ***Commonwealth v. McCauley***, 199 A.3d 947 (Pa. Super. 2018), ***Commonwealth v. Savage***, 203 A.3d 332, 1509 WDA 2017 (Pa. Super. 2018) (unpublished memorandum), and ***Commonwealth v. Bernal***, 200 A.3d 995 (Pa. Super. 2018), all cases involving the Allegheny Public Defender's Office, as does the instant case, for the proposition that Judge McDaniel failed, therein and presently, to analyze properly all relevant statutory sentencing factors and did not correctly consider and weigh all relevant factors. Appellant's Brief at 47. Thus, Appellant proposes that in the absence of an opinion, resentencing in the case *sub judice* also is appropriate. ***Id.*** at 48.

the judicial entity most familiar with the matter. Moreover, the parties may be left without a meaningful context within which to make their arguments on appeal, **particularly as to discretionary matters**.

*Commonwealth v. DeJesus*, 868 A.2d 379, 383 (Pa. 2005) (emphasis added).

We are unable to determine whether the trial court properly considered the various statutory sentencing factors. Further, we agree that Judge McDaniel failed to state adequate reasons in support of her imposition of an **aggravated-range** sentence. *See Commonwealth v. Hill*, 210 A.3d 1104 (Pa. Super. 2019) (where sentence is in the **standard range** of the Sentencing Guidelines, Pennsylvania law views the sentence as appropriate). In addition, as argued by Appellant, the only factors mentioned by Judge McDaniel when imposing sentence, *i.e.*, S.B.'s age and Appellant's prior record, N.T. (sentencing), 8/23/18, at 5, were factors already included within the Sentencing Guidelines; thus, it appears Judge McDaniel abused her discretion in "double counting these factors." Appellant's Brief at 43. As a general rule, "[i]t is impermissible for a court to consider factors already included within the sentencing guidelines as the sole reason for increasing or decreasing a sentence to the aggravated or mitigated range." *Commonwealth v. Watson*, ___ A.3d ___, 2020 PA Super 28 (Pa. Super. 2020), (citing *Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) (emphasis added)).

Therefore, we will vacate the judgment of sentence and remand for resentencing.[6] In light of our disposition, Judge McDaniel's retirement from the bench will require the President Judge of the Court of Common Pleas of Allegheny County to reassign this case to a new judge for purposes of resentencing.

The convictions are affirmed; judgment of sentence vacated. Case remanded for resentencing. Jurisdiction is relinquished.

Judge Murray joins this Memorandum.

Judge Strassburger files a Concurring & Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2020

---

[6] Due to our decision to vacate and remand this case for resentencing, we do not consider the claims asserted in Appellant's fourth issue. We note, however, that our Supreme Court recently vacated a common pleas court's order declaring Subchapter H of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. § 9799.10-9799.42, unconstitutional and remanded for further development of the record in **Commonwealth v. Torsilieri**, ____ A.3d ____, 37 MAP 2018, 2020 WL 3241625 (Pa. filed June 16, 2020). Moreover, Appellant is free to argue upon remand that any sentence proscribing his access to the Internet is illegal "because it bars his access to the Internet despite his offense having no Internet component." Appellant's Brief at 50.